**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAGDALENA ZBLEWSKA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DAVID J. SHULKIN,** | ) | |
| **SECRETARY,** | ) | |
| **DEPARTMENT OF VETERANS** | ) | |
| **AFFAIRS,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendant.** | ) | |

**COMPLAINT**

**NOW COMES** the Plaintiff, **MAGDALENA ZBLEWSKA,** by and through her attorney, John S. Bishof, Jr. of the Law Office of John Bishof, PC, and for her Complaint against the Defendant, **DAVID J. SHULKIN, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,** states unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff's actions against the Secretary are brought pursuant to (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; (ii) Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791, *et seq.* and arising under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to employees who were adversely affected by such practices.

2.    This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 29 U.S.C. § §1331and 1343.

3.      All of the actions complained of occurred in Cook County, State of Illinois which is within the Northern District of Illinois, Eastern Division and venue is appropriate in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 1391 (e).

## PARTIES

4.      Plaintiff, Magdalena Zblewska, is a citizen of the United States and, at all relevant times, was employed by the Department of Veterans Affairs and assigned to Edward Hines Jr. Hospital, Hines, Illinois. ("Agency").

5.      Defendant, David  J. Shulkin, is duly appointed Secretary of the Department of Veterans Affairs ("Department") and, as such, is charged with the enforcement and administration of all laws relating to equal employment of officers and employees in and under the jurisdiction of the Department, including those employed at Edward Hines Jr. Hospital, Hines, Illinois. These laws include, *inter alia*, Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791, *et seq.* and Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

6.      The Department of Veteran Affairs is an Executive department as listed in 5 U.S.C. § 101.  Pursuant to 5 U.S.C. § 105, an Executive department is an "Executive agency."

## ADMINISTRATIVE PROCEDURES

7.      On February 16, 2016,  plaintiff filed a formal complaint of discrimination, VA Form 4939. Subsequently, plaintiff amended her complaint which was accepted by the Office of Resolution Management of the Department of Veterans Affairs on March 24, 2016. (Attached as Exhibit A, VA letter 3/24/16).

8.      On September 10, 2016, plaintiff received notice from the Department advising her that she may elect to request a hearing before the U.S. EEOC. (Attached as Exhibit B, VA letter

9/10/16).

9.      On September 27, 2016, plaintiff elected to request a hearing from the EEOC. (Attached as Exhibit C, Hearing Request Form, 9/27/16).

10.     An order was entered on October 26, 2016 by Administrative Law Judge Winston, acknowledging plaintiff's request for hearing and setting the matter for an initial status conference on November 15, 2016 at 10:00 am.  (Attached as Exhibit D, Order 10/26/16).

11.     More than 180 days have transpired since the date plaintiff filed her formal complaint and neither an appeal nor final action has been taken.  Plaintiff has complied with all administrative prerequisites and requirements to have standing and ripeness for filing this action.

<u>COUNT I</u>
**(Rehabilitation Act)**

1 - 11.  Plaintiff adopts and reaffirms the allegations contained in paragraphs 1 - 11 of this complaint as paragraphs 1 - 11 of Count I.

12.     That on or about April 30, 2006, plaintiff was hired as a Pharmacy Technician, GS-0661-3, Step 1 at Pharmacy Service, Hines VAH.

13.      Ms. Zblewska's, Performance Appraisals for Oct 1, 2012 to Sept 30, 2013,  Oct 1, 2013 to Sept 30, 2014 and Oct 1, 2014 to Sept 30, 2015 were conducted by Adam Powell, her immediate supervisor who had personally observed her work for 3 ½ years.

14.     Adam Powell rated plaintiff's performance review for Oct 1, 2012 – Sept 30, 2013 and stated that her performance was Fully Successful or better which is a very good rating.

15.     Specifically, in the Customer Service section of the review of Oct 1, 2012 to Sept 30, 2013 Powell had stated that, "Ms Zblewska provides exemplary customer service to all

3

customers/patients accurately and always in a timely manner with no exceptions. She presents a positive image of the pharmacy service in her interactions on a regular basis."

16. Under the Teamwork section of the review of Oct 1, 2012 to Sept 30, 2013 Powell provided that, "Ms. Zblewska makes every effort possible to positively maintain the goals and objectives of the department, facility and organization. Ms. Zblewska is dedicated to providing a high level of quality service for all internal and external customers. Ms. Zblewska *stays busy by helping other staff members whenever help is needed.*" [emphasis added].

17. Adam Powell rated plaintiff's performance review for Oct 1, 2013 to Sept 30, 2014 and stated that her performance was Excellent.

18. Specifically in the Customer Service section of the review of Oct 1, 2013 to Sept 30, 2014 Powell had stated that, "Ms Zblewska provides exemplary customer service to all customers/patients accurately and always in a timely manner with no exceptions. She presents a positive image of the pharmacy service in her interactions on a regular basis."

19. Under the Teamwork section of the review of Oct 1, 2013 to Sept 30, 2014 Powell provided that, "Ms. Zblewska makes every effort possible to positively maintain the goals and objectives of the department, facility and organization. Ms. Zblewska is dedicated to providing a high level of quality service for all internal and external customers. Ms. Zblewska *stays busy by helping other staff members whenever help is needed.*" [emphasis added].

20. For, Oct 1, 2013 to Sept 30, 2014 review, Powell added these comments under the Pharmaceutical Care Section that, "Ms. Zblewska is an experienced certified pharmacy technician working the day shift. She is trained to work all areas of the Inpatient pharmacy. During this evaluation period Ms. Zblewska has been *a vital part of many changes to our work flow.* With these

4

changes we have decreased missing doses, and well as misfiling of medications. [emphasis added].

21. Under the Communication section of the Oct 1, 2013 to Sept 30, 2014 review, Powell states the following: "Ms. Zblewska communication with internal and external customers is always conducted in a polite and considerate manner. *Ms. Zblewska possesses exemplary communication skills and excels above and beyond in regards to the quality and timeliness of service.* [emphasis added]. Ms. Zblewska always communicates all pending issues with her supervisor before the completion of her shift.

22. Adam Powell rated complainant's performance review for Oct 1, 2014 – Sept 30, 2015 and stated that her performance was Fully Successful or better.

23. For, Oct 1, 2014 to Sept 30, 2015 review, Powell added these comments under the Customer Service section "Ms Zblewska provides exemplary customer service to all customers/patients accurately and always in a timely manner with no exceptions. She presents a positive image of the pharmacy service in her interactions on a regular basis."

24. For, Oct 1, 2014 to Sept 30, 2015 review under the Teamwork section, again Powell provided, "Ms. Zblewska makes every effort possible to positively maintain the goals and objectives of the department, facility and organization. Ms. Zblewska is dedicated to providing a high level of quality service for all internal and external customers. Ms. Zblewska *stays busy by helping other staff members whenever help is needed.*" [emphasis added].

25. For Oct 1, 2014 – Sept 30, 2015 review, Powell provided the following under the Pharmaceutical Care section: "Ms. Zblewska is an experienced certified pharmacy technician working the day shift. She is trained to work all areas of the Inpatient pharmacy. During this evaluation period Ms. Zblewska has been *a vital part of many changes to our work flow.* With these

5

changes we have decreased missing does, and well as misfiling of medications. [emphasis added].

26.     In the beginning of May 2015 plaintiff was instructed by her supervisor, Adam Powell, to fill out the written confirmation of request for accommodation (VA Form 0857b) and sign an authorization to release her medical records.

27.     The restrictions listed on VA Form 0857b by plaintiff included no pushing, pulling and picking up heavy items, no pushing carts, and stated haven't worked IV because of back stiffness and pain.

28.     On August 11, 2015, plaintiff's physician specifically opined that plaintiff was limited to no lifting of more than 25#, carrying 25#, no overhead lifting, standing for more than 2 hours needs to change position and no ladders and scaffolding.

29.     On October 19, 2015, Ms. Zblewska's request for accommodation was denied regarding the ECC carts because the doctor did not mention pushing and pulling, her request for accommodation for heavy items was accommodated and her IV room accommodation was accommodated with regard to lifting and no standing for more than 2 hours because they were going to supply a chair for her.

30.     In November of 2015,  plaintiff's physician, further opined that plaintiff was limited to no lifting repetitively greater than 25 #. No overhead lifting.  No pushing or pulling greater than a small med cart or 50#.  May carry 25 # or less. No repetitive bending from the waist. No use of ladders, or scaffolds, or stairs greater than 8 at one time. Need frequent positional changes.

31.     Defendant had previously received a medical release dated April 18, 2013 from plaintiff's physician which released Ms. Zblewska to work full time with the following restrictions: no lifting greater than 10 #, limited pushing and pulling.

6

32.     Ms. Zblewska had returned to work on April 18, 2013 and performed all tasks, except pushing the heavy ECC carts and working in the IV room. She continued to perform all these tasks.

33.     Plaintiff had been satisfactorily performing her job duties since 2012 with those accommodations.

34.     On November 17, 2015, Ms. Zblewska's request for reasonable accommodation to not push the heavy ECC carts was denied. The Agency determined that she could not work in her position and was requested to aid in a job search.

35.     Functional Statement of an Inpatient Pharmacy Technician at GS-6 level (Job Duties and Tasks) provide the Following:

IV. Occupational Safety and Health

d. …. May require *lifting and carrying light loads, including boxes, equipment, unit dose-cassettes, and N solutions*; stooping or kneeling (e.g., to pick up items from the floor, remove and replace items on lower shelves, and to file documents in lower file drawers, etc.); sitting, walking, or standing for long periods of time. [emphasis added].

36.     That on or about June 7, 2016, a proposed removal letter of plaintiff was sent and signed by Dr. Julie M. Stein with the charge listed as medical inability to perform the essential functions of her position.

37.     That after hearing plaintiff's oral reply and reviewing her written reply and the evidence file relating to this matter, Interim Director Mr. Marc Magill sustained the proposal removal and issued the decision letter to remove plaintiff from her position on July 18, 2016 which was amended to July 26, 2016.

38.     As a direct result of the foregoing actions, plaintiff has suffered lost earnings (past, present and future), emotional distress, embarrassment and anxiety, and other consequential damages for which she is entitled to compensation.

WHEREFORE, plaintiff, Magdalena Zblewska, prays for judgment against the defendant, David J. Shulkin, Secretary, Department of Veterans Affairs, and for all other relief the Court deems appropriate, including, but not limited to, actual damages, punitive damages, liquidated damages, attorney's fees, costs, and for such other relief that the Court deems just and equitable.

## COUNT II
### (Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.,)

1-37.     Plaintiff repeats and alleges Paragraphs 1 through 37 of Count I of this Complaint as paragraphs 1 through 37 of Count II as if fully set forth herein.

38.     Plaintiff was never disabled within the meaning and purview of the Americans with Disabilities Act.  However, plaintiff was regarded as disabled by defendant.

39.     At all relevant times, plaintiff was well-qualified to perform the job of Pharmacy Technician, GS-0661-3, Step 1 at Pharmacy Service, Hines VAH..

40.     Defendant took plaintiff out of service on July 26, 2016 based on a perceived disability.

41.     As a proximate result of the practices alleged, Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and compensatory damages.

42.     Defendant's actions were intentional, willful, and malicious or were committed with reckless indifference to plaintiff's federally protected rights.

8

**WHEREFORE**, Plaintiff requests judgment against Defendant and the Court grant her the following relief:

A.      Enjoin Defendant's continuing unlawful employment practices.

B.      Grant Plaintiff a judgment in such sum as this Court may deem equitable and just for back-pay, back benefits and compensatory damages; and,

C.      Grant Plaintiff a judgment in such sum as this court may deem equitable and just for punitive damages;

D.      Award Plaintiff reasonable attorneys' fees and costs; and

E.      For such other and further relief as this Honorable Court deems equitable and just.

s/ John S. Bishof, Jr.

John S. Bishof, Jr., #213926
Law Office of John Bishof P.C
101 North Wacker Dr., Ste. 200
Chicago, IL 60606
Ph: 312-630-2048
Fax: 312-630-2085
